UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAQUELINE ALMIDON ALLENDE,

        Petitioner,

v.                                                          Case No. 3:26-cv-1157-MMH-MCR

DANIEL ENGERT, et al.,

        Respondents.

_____

## ORDER

Petitioner Jaqueline Almidon Allende, an immigration detainee, is proceeding through counsel on a Verified Petition for Writ of Habeas Corpus (Doc. 1; Petition). Allende is a citizen of Peru who entered the United States in 2022. Id. at 4. On April 24, 2026, United States Immigration and Customs Enforcement detained Allende. Id. at 5. Allende raises various challenges to her immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 6–11.

Respondents filed a Response (Doc. 5; Response) asserting that they are now detaining Allende under 8 U.S.C. § 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th

1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Allende filed a counseled Reply (Doc. 6; Reply). She asks the Court to direct her immediate release or, in the alternative, direct that she be afforded an individualized bond hearing as soon as practicable. Id. at 9–10.

When Allende was detained in April 2026, she was not seeking entry at the border; therefore, as Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Allende's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Allende an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents

---

[1] Because the Court finds that Allende is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

release Allende, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 6/16
c:
Counsel of Record

3